**In re Petition for DISCIPLINARY ACTION AGAINST Louis Andrew STOCKMAN, a Minnesota Attorney, Registration No. 241210.**

No. A12–1295.

Supreme Court of Minnesota.

Feb. 8, 2013.

ORDER

The Director of the Office of Lawyers Professional Responsibility filed a petition and a supplementary petition for disciplinary action against respondent Louis Andrew Stockman alleging that respondent committed professional misconduct warranting public discipline, namely, neglect and non-communication in two client matters, failing to respond to communications from opposing counsel, including discovery requests, making a false statement to opposing counsel, failing to properly supervise another lawyer in his law firm, failing to comply with and making false statements regarding his compliance with the notice requirements for a previous suspension from the practice of law, displaying signage and utilizing law firm and other designations falsely implying that respondent continued to be licensed to practice law while he was suspended, engaging in the unauthorized practice of law, and contracting for legal advertising in various telephone directories that would be distributed during the period of his suspension, in violation of Minn. R. Prof. Conduct 1.1, 1.3, 1.4, 3.2, 3.4(c) and (d), 4.1, 5.1(a) and (c)(2), 5.5(a) and (b)(2), 7.1, 8.1(a), and 8.4(c) and (d), Rule 26, Rules on Lawyers Professional Responsibility (RLPR), and this court's February 17, 2012, order suspending respondent. Respondent waives his procedural rights under Rule 14, RLPR, withdraws his previously filed answer, and admits the allegations of the petition and supplementary petition. The parties jointly recommend that the appropriate discipline is a 6–month suspension.

This court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS ORDERED that respondent Louis Andrew Stockman is indefinitely suspended from the practice of law, effective from the date of filing of this order, with no right to petition for reinstatement for a minimum of 6 months from the date of this order. Respondent may petition for reinstatement pursuant to Rule 18(a)–(d), RLPR. Reinstatement is conditioned on successful completion of the professional responsibility portion of the state bar examination and satisfaction of continuing legal education requirements, pursuant to Rule 18(e), RLPR. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals), and shall pay $900 in costs pursuant to Rule 24, RLPR.

BY THE COURT:

/s/_____

Alan C. Page
Associate Justice